W. H. Milton, as Trustee for Florida Trust Company, *Plaintiff in Error*, v. Oscar B. Bergstrom and H. A. Taylor, *Defendants in Error*.

Opinion filed February 15, 1916.

Rehearing denied March 2, 1916.

Irrespective of statutory liability, stockholders may voluntarily assess themselves for the benefit of the corporation and when such assessment is founded upon a valuable consideration, the stockholders actually assenting thereto may render themselves liable to an execution thereon.

Writ of Error to Circuit Court, Duval County; D. A. Simmons, Judge.

Judgment reversed.

*Odom & Crawford,* for Plaintiff in Error;

*Gibbons, Maxwell, McGarry & Daniel,* for Defendants in Error.

PER CURIAM.—The declaration herein is as follows: "Now comes W. H. Milton, as Trustee for the Florida Trust Company, a corporation, plaintiff, and sues said defendants Oscar B. Bergstrom and H. A. Taylor, co-partners doing business as Bergstrom & Company.

For that heretofore on, to-wit:  The 17th day of October, 1913, defendants were the owners of a large number, to-wit:  Two hundred and fifty shares (250) of the capital stock of Florida Trust Company, a corporation then and theretofore existing under and by virtue of the laws of the State of Florida; that the par value of said stock was one hundred dollars ($100.00) per share; that said Florida Trust Company had theretofore transacted and carried on business as such body corporate until on or about the 17th day of October, 1913; that on, to-wit: the 17th day of October, 1913, the said Florida Trust Company became and was financially embarrassed, if not actually insolvent; that on said 17th day of October, 1913, a meeting of a large number of the stockholders of said Florida Trust Company was held in the City of Jacksonville, Duval County, Florida; that at said meeting a majority of the stock of said Florida Trust Company was represented either by the owners in person or by their proxies; that at said meeting, defendants were actually represented by proxy duly authorized in writing, and said proxy actually voted the said two hun-

dred and fifty (250) shares of the capital stock of said Florida Trust Company; that at said meeting, it was made to appear that litigation was threatened against the said Company, and that an attempt would be made to hold the individual stockholders of said company severally and personally liable as partners, and to subject them to suits for large sums of money; that in an attempt to prevent such litigation and said suits against said individual stockholders personally, said stockholders present, by a resolution unanimously passed, requested the plaintiff to manage the affairs of said company from that time on, to take over the assets and effects of said company from the receiver theretofore appointed by the court as the said court should direct, to give bond to handle the assets of said company which might come into his hands properly, and to generally manage the affairs of said company so that the threatened litigation would, if possible, be avoided; that to provide a working fund for the plaintiff in carrying out the purpose aforesaid, the said stockholders present agreed by a resolution unanimously adopted to levy an assessment on the stockholders of said company, the amount of said assessment to be twenty-five per cent of the par value of the several individual stock holdings of the various stockholders; that the proxy for said defendants was present at the time said resolution embodying said agreement for the levy of the assessment as aforesaid was passed, and assented thereto; that in said resolution embodying said agreement, it was provided that said assessment should be paid to the plaintiff by the various stockholders when the plaintiff should make demand upon said stockholders therefor, to which agreement the proxy for said defendants then and there assented—a copy of said agreement to which the proxy for said defendants assented is at-

tached to plaintiff's declaration, marked 'Exhibit A;' that plaintiff has made demand upon the said defendants for the payment of said twenty-five per cent assessment of their stockholdings in the said company; that each and every the conditions precedent necessary to be performed and complied with by the plaintiff before said demand should be made upon said defendants have been performed and complied with; that in and by said agreement aforesaid, the defendants became and are liable to pay to the plaintiff the sum of six thousand, two hundred and fifty dollars ($6,250.00) and the defendants then and there promised and agreed to pay to the plaintiff the said sum of six thousand, two hundred and fifty dollars ($6,250.00), but the defendants, although often requested so to do, refused and still refuse to pay the plaintiff the said sum of six thousand, two hundred and fifty dollars ($6,250.00).

Wherefore, plaintiff brings this suit and claims twelve thousand, five hundred dollars ($12,500.00) damages."

Exhibit "A" referred to in the declaration, is as follows:

"Whereas, at a called meeting of the stockholders of Florida Trust Company, held in Room 408, Atlantic National Bank Building, Jacksonville, Florida, August 7th, 1913, at 10 a. m. the following resolution was unanimously adopted, to-wit:

Whereas, at a meeting duly called and organized on this date 25 of the stockholders of the Florida Trust Company, representing 1,242 shares out of a total 2,000 shares of the capital stock of said company, called for the purpose of considering the report of Hon. W. H. Milton, and deciding upon a plan of adjusting the affairs of the company, it appears that the claim held by the Me-

chanics & Metal National Bank of New York is in the hands of Messrs. Kay & Doggett, Attorneys at Law, Jacksonville, Fla., for collection and suit; that the said Mechanics & Metals National Bank has taken the position that the individual stockholders of the Florida Trust Company are liable as partners for said debt, and it is proposed by said bank to bring suit or suits against the several and respective stockholders to recover the amount of said indebtedness; and

Whereas, W. C. Croom, as Receiver of the Florida Trust Comapny, has received orders and directions from the Circuit Court of Duval County, Florida, to institute suits against all the stockholders of said company to recover 100 per cent of their several and respective stockholdings to realize sufficient funds to meet the present indebtedness of the company and the expenses of the receivership, including costs, attorney fee, etc., and

Whereas, upon full consideration of these matters, and after conference with the several creditors and the Receiver by said W. H. Milton, and the consideration of his report, fully and at large, spread upon the minutes of this meeting, the stockholders present have decided that it is necessary that immediate steps be taken to protect the property of the company and the interests of the stockholders, and that a Trustee should be appointed for the purpose of collecting an immediate assessment, or the assessment uncollected heretofore made by the self appointed committee of said stockholders, in order to immediately relieve the situation, take over the assets and affairs of the company, discharge the receiver, take full charge of all assets and adjust all matters in the interest of the creditors and stockholders.  Therefore be it

*Resolved*, by said stockholders in meeting assembled,

that Hon. W. H. Milton of Marianna, Fla., be and is hereby appointed as Trustee for all the stockholders and of all the assets of the Florida Trust Company, for the purpose of taking over all the assets and property of said company and placing said Trustee in full charge thereof, with full power and authority to realize upon all assets and pay and discharge all expenses and liabilities of said company, as in his judgment may be necessary, upon the advice of such advisory committee as will be appointed by said W. H. Milton, Trustee, that said Trustee shall make a report of the affairs of said company every three months and from time to time as often as same may be necessary or advisable to the stockholders, until the liability of said company shall have been fully paid and discharged; and it is

*Further Resolved,* that in order to meet the present situation, in lieu of the stockholders individually meeting and defraying the expense of the litigation now threatened by the Mechanics & Metals Bank of New York, as well as by the suits of the Receiver under order of the State Comptroller and court herein already referred to, that an assessment of 25% per cent. upon all the stockholders of said company in proportion to their several respective stockholdings be and the same is hereby assessed and made against each stockholder, payable upon notice thereto by the said trustee; that each stockholder be and is hereby authorized and directed to pay all or any part of said assessment on demand, at such time and in such manner and form as said Trustee may determine and direct; that those who have heretofore responded to the assessment of 25 per cent. shall be entitled to credit for the same upon said assessment, and shall not be further liable thereon; and it is

*Further Resolved,* that upon and concurrent with the discharge of the Receiver, the President and Secretary of the Florida Trust Company be and hereby are authorized, empowered and directed to make, acknowledge and deliver to said W. H. Milton, Trustee, the necessary assignments of the assets of said company for the purpose of carrying out in full effect and execution the objects and purposes of this resolution; and it is further

*Resolved,* and it is the opinion and decision of the stockholders in seession assembled, that the interests of the stockholders will be better protected and large expense saved by meeting the foregoing assessment than to stand the enormous expense of litigation as will necessarily be involved in resisting the threatened litigation of the assessment of 100 per cent. on the stockholdings ordered to be instituted by the Receiver under the instructions and direction of the Comptroller of the State in the Circuit Court of Duval County, Florida, and the further litigation that will follow the institution of suit or suits by the Mechanics & Metals National Bank of New York, against said stockholders, on the assumption that all such stockholders are partners and individually liable for all debts; that after full investigation of the affairs of said company and consultation with the various stockholders and parties in interest, it is confidently believed that if all stockholders who are able will promptly pay the assessment of 25 per cent. no further calls will be made, the expense and vexation of litigation avoided, all liabilities paid in full, and participating stockholders amply recompensed and protected.

And thereupon the following resolution was offered and unanimously adopted:

*Resolved,* that W. H. Milton, Trustee, give a surety

bond in the penal sum of ten thousand dollars ($10,-000.00) conditioned that he will well and faithfully discharge said trust, account for and pay over to such persons, firms and corporations as are entitled to receive the same from him as such Trustee, such sum or sums of money as may come into his hands out of the assessment paid by stockholders and out of the assets of said Florida Trust Company, and that the responsibility therein be limited to gross fraud or wilful negligence.

And thereupon said W. H. Milton accepted the said trust and appointed Dr. G. E. Welch, T. W. Shands and T. F. McGarry members of the advisory committee.

And thereupon, upon motion duly made, seconded and unnaimously carried, the stockholders ratified the appointment of Messrs. Welch, Shands and McGarry as the advisory committee.

And thereupon the meeting adjourned, subject to the call of said Trustee or the President of said Company.

And whereas, said W. H. Milton, as Trustee has given said $10,000.00 bond, and the same is in the hands of the President:

And whereas, the Receiver, W. C. Croom has been ordered by the Circuit Court in and for Duval County, in Chancery sitting, to turn over to W. H. Milton, as Trustee, for the stockholders all the assets of Florida Trust Company in his hands, upon giving a Special Seven Thousand Dollar ($7,000.00) bond for protection of saving depositors; and

Whereas, said seven Thousand Dollar ($7,000.00) bond has been given by said W. H. Milton, approved by the Judge of the Circuit Court, in and for Duval County, Florida, and filed in court.

Now Therefore, in consideration of the premises and

the sum of one dollar ($1.00) in hand   paid, Florida
Trust Company, a corporation, under the laws of the
State of Florida, does herein and hereby assign, set over
and transfer to W. H. Milton, as Trustee, for all the
stockholders of said Florida Trust Company, all the prop-
erty and assets of said Florida Trust Company, of every
description, to-wit: moneys, notes, mortgages, accounts,
bonds, choses in action, fixtures, leases and property of
every kind and description, real, personal or mixed, lo-
cated in the State of Florida, or wherever located.

To have and to hold the same, and each and every
part thereof, together with all and singular the tenements
and hereditaments unto the said W. H. Milton, as Trus-
tee for the stockholders of said Florida Trust Company,
his successors in said trust, and assigns, in trust how-
ever, for the following purposes and with the following
powers, to-wit:

1.   The said W. H. Milton as Trustee of the stock-
holders of Florida Trust Company, shall have full charge
of the assets and property of said company and full pow-
er and authority to adjust all matters in the interest of
the creditors and stockholders of said company, with full
power and authority to realize upon all assets, having full
power and authority to demand, receive, collect and com-
promise, all debts due to said company, and to give full
acquittances and discharges therefor, to sell, transfer,
assign and otherwise dispose of any and all the property
of said company, real or personal, giving, executing and
making such deeds, assignments or writings as may be
necessary to that or these end or ends, under seal or
otherwise, to bring and prosecute every and all suits at
law or in equity now pending or as may be necessary to
realize upon the assets of said company, and to defend

any and all suits at law or in equity, that may be pending or may be brought against the company, and with full power and authority to employ counsel for such purposes, and to pay and discharge all expenses and liabilities of said Florida Trust Company, and with full power and authority to collect and receive and give receipt for an assessment of 25 per cent upon all stockholders of said company, as provided for and authorized in the resolution above set forth; all said powers to be exercised as the said W. H. Milton as Trustee may in his judgment deem necessary, upon the advice of such advisory committee, as said W. H. Milton as such Trustee may appoint.

2.   The said Trustee shall make a report of the affairs of said company to the stockholders every three months and from time to time as often as the same may be necessary or advisable, until the liabilities of said company shall have been paid and discharged.

3.   Upon the completion of said Trust, the said Trustee shall reconvey, assign, transfer all the assets and property of said company remaining then in his possession, custody and control, to the said Florida Trust Company, by such deed, assignments and other instruments in writing as may be necessary to effectually vest the title thereto in said company.

*In Witness Whereof,* the said Florida Trust Company has hereunto signed its name by its President and hereunto affixed its corporate seal, and the said W. H. Milton has hereunto set his hand and seal this 17th day of October, A. D. 1913.

Florida Trust Company,

By T. F. McGarry, as President.

Attest:   T. Duncan, Asst. Secretary.
(Seal of the Florida Trust Company.)
Signed, sealed and delivered
   in the presence of:
Francis B. McGarry, Jere S. Smith,
                              W. H. Milton (Seal).
                                        as Trustee."

A demurrer to the declaration was interposed on the following grounds:

1.   The laws of Florida do not permit of assessments against fully paid stock of corporations.

2.   It does not appear from said declaration that the emergency anticipated calling for said assessments has ever arisen.

3.   It does not appear from said declaration that the plaintiff has any rights in the premises which entitle him to bring suit."

The court sustained the demurrer and the plaintiff not desiring to amend judgment was rendered for the defendants on the demurrer.

On writ of error taken by the plaintiff it is contended that as the action is brought on the agreement evidence by the resolution adopted by the stockholders of the Florida Trust Company the demurrer was erroneously sustained.

The declaration refers to the subject-matter of the litigation as "an assessment on the stockholders of said company the amount of said assessment to be 25 per cent. of the par value of the several individual stockholdings of the various stockholders," and alleges an agreement by resolution "that said assessment should be paid to the plaintiff by the various stockholders when the plaintiff should make demand upon said stockholders therefor." But looking to the substance of the transaction shown by

the declaration and the exhibit, it is clear that the assessment so denominated is not one sought to be enforced as a statutory liability. The obligation set up is one based on contract which in view of the statements contained in the resolution has a sufficient consideration for the agreement to pay a stated amount for a definite purpose. The resolution expressly authorizes the trustee "to collect and receive and give receipt for" the obligation called by the parties "an assessment," and the need of the amounts agreed to be paid appears in the resolution.

Under these circumstances the declaration is not subject to the demurrer and the judgment for the defendants is reversed.

All concur.                                              ,